IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GERALD BARRON,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   CASE NO.: 2:14-CV-1095-WKW
                                  )   (WO)
AMEX INSURANCE COMPANY,           )
                                  )
        Defendant.                )

## MEMORANDUM OPINION AND ORDER

On June 16, 2016, the Magistrate Judge filed a Recommendation (Doc. # 40) to which Plaintiff timely filed objections. (Doc. # 46.) Defendant filed a response to the objections. (Doc. # 47.) The court has conducted an independent and de novo review of those portions of the Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1). The objections are without merit and the Magistrate Judge's Recommendation is due to be adopted.

## I. DISCUSSION

This is a suit by a beneficiary for the proceeds of two accidental death policies issued by Defendant. The decedent, Rhonda Barron, suffered from severe chronic obstructive pulmonary disease ("COPD") and congestive heart failure ("CHF"), for which she was hospitalized on July 18, 2013. (Doc. # 24-3 at 2.) She was discharged to a rehabilitation center, where, on August 7, 2013, she fell and fractured her right hip, right arm, and neck. (Doc. # 24-5 at 2; Doc. # 24-7 at 2.) She was hospitalized,

underwent surgery to repair her hip, and was discharged again to the rehab facility, on August 12, 2013.  (Doc. # 24-4.)

Ms. Barron died on September 22, 2013, at the age of 73.  On her death certificate, the cause of death was listed as "accident," and the immediate cause of death was listed as "right hip fracture."  (Doc. # 24-17.)  Underlying causes of death were listed as COPD and coronary artery disease.  (Doc. # 24-17.)

Under Alabama law as applied to the policies at issue, no coverage is owed unless, under the chain-reaction theory, an accidental injury "start[ed] a chain reaction resulting in death, . . . even if one of the links in the chain is old age, frailty and some links are dormant diseases or physical conditions without which the chain would be broken."  *Liberty Nat'l Life Ins. Co. v. Reid*, 158 So.2d 667, 674 (Ala. 1963).  Thus, for the chain reaction theory to apply in this case, (1) Ms. Barron's previously existing conditions must have been dormant prior to the accident, and (2) the accident must have started a chain reaction that resulted in her death and that included her previously-dormant conditions as links in the chain.  *See id*.

Plaintiff contends that the Magistrate Judge erred in finding that no accidental death coverage is owed under the chain reaction theory because, according to Plaintiff, the record contains conflicting evidence that could reasonably support a finding that Ms. Barron's COPD and CHF were dormant prior to the accident in which she fell.  Whether or not the record supports a finding of dormancy prior to

the fall,[1] Plaintiff points to no evidence that the accident caused a chain reaction resulting in Ms. Barron's death.[2]

Accordingly, the Magistrate Judge's Recommendation that summary judgment be granted is correct.

## II.   CONCLUSION

Accordingly, it is ORDERED that:

1. Plaintiff's objections (Doc. # 46) are OVERRULED.

2. The Recommendation (Doc. # 40) is ADOPTED; and

3. Defendant's motion for summary judgment (Doc. # 24) is GRANTED.

Final judgment will be entered separately.

DONE this 11th day of July, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff objects to the Magistrate Judge's finding that the undisputed evidence establishes that Ms. Barron's severe COPD and CHF were not dormant within the legal meaning of the chain reaction theory.  (Doc. # 40 at 30.)  The Magistrate Judge's finding on this point is correct.  However, even if the COPD and CHF could be described as "dormant" in any sense, mere dormancy prior to the accident is not sufficient to establish that the subsequently activated COPD and CHF were part of a chain reaction proximately caused by the accident.

[2] Plaintiff contends that, under Alabama law, a death certificate is *prima facie* evidence of the cause of death.  Ala. Code 1975 § 12-21-101.  Here, the death certificate provides evidence that Ms. Barron's death was caused by the hip fracture sustained in the accident, COPD, and CHF. However, the death certificate does not provide evidence as to whether, even if dormant before the fall, the COPD and CHF were links in a causal chain reaction that originated with the accident and terminated in death.